## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

BIÖM LLC,

>           *Plaintiff*,

vs.

BIOM INNOVATIONS INC.,

>           *Defendant*.

Civil Action No.

**JURY TRIAL DEMANDED**

## DECLARATORY JUDGMENT COMPLAINT

Plaintiff Biöm LLC ("Plaintiff" or "Biöm"), by and through its undersigned counsel, as and for its Declaratory Judgment Complaint against Defendant Biom Innovations Inc. ("Defendant" or "Biom Innovations"), alleges as follows based on knowledge of its own actions and on information and belief as to all other matters (unless indicated otherwise herein):

## NATURE OF THE ACTION

1.      Plaintiff brings this declaratory-relief action to remove the cloud that Defendant has placed over Plaintiff's BIÖM trademark, brand, and <betterbiom.com> domain name.

2.      In a pre-suit demand letter, Defendant alleged that Plaintiff's use of its BIÖM mark for oral-care products allegedly infringed Defendant's BIOM mark for sanitizing wipes and dispensers (the "Demand Letter").  Notably, the United States Patent and Trademark Office ("PTO") disagreed with Defendant's allegations of infringement.  After Plaintiff amended its application to register its BIÖM mark in Classes 3 and 21, the PTO published it for opposition. The PTO would not have published Plaintiff's BIÖM mark for opposition if it believed that Plaintiff's BIÖM mark created a likelihood of confusion with any federally registered trademarks—including Defendant's BIOM mark—and/or any applied-for marks in pending

applications.  Nonetheless, Defendant instituted a proceeding before the United States Trademark Trial and Appeal Board ("TTAB"), wherein it opposed the registration of Plaintiff's BIÖM mark.

3.      The PTO's decision that Plaintiff's BIÖM mark does not create a likelihood of confusion with any other mark—including Defendant's BIOM mark—is correct and should receive great deference from this Court for several reasons.

4.      *Defendant's asserted BIOM mark is weak*.  For example, there is a crowded field of third parties in the United States that use "Biom"-formative marks, terms, and trade names for a vast array of goods and services, including goods closely related to Defendant's goods.  On information and belief, the existence of this crowded field is evidence that Plaintiff and Defendant can co-exist alongside one another without creating any likelihood of confusion.  Also on information and belief, this crowded field prevents the term "Biom" from having any degree of source-identifying qualities for any goods or services that Defendant offers under its asserted BIOM mark.  Accordingly, Defendant's asserted BIOM mark is weak and entitled to protection against only closely similar marks, which is not the case with respect to Plaintiff's BIÖM mark.

5.      *The parties' marks create different overall commercial impressions*.  As shown below, Plaintiff stands out in the crowded field and distinguishes its products from the products of third parties—including Defendant's products—by using its distinctive spelling of "Biöm" and distinctive product packaging, which features two of Plaintiff's federally registered trademarks— *i.e.*, "NOBS" and "TOOTHPASTE WITHOUT THE B.S."—as well as prominent displays of other words that do not appear on Defendant's packaging, *e.g.*, "RINSE."  On information and belief, Plaintiff's use of its distinctive mark and product packaging (shown inset) to differentiate its products from the products of third parties also is evidence of Plaintiff's good-faith adoption and use of its mark.

**Representative Images of Plaintiff's Products Featuring its BIÖM Mark**



**Representative Images of Defendant's Products Featuring its BIOM Mark**



6.      *The parties offer different products*.  As shown above, Plaintiff offers oral-care products under its BIÖM mark.  Defendant does not offer oral-care products under its BIOM mark. Defendant offers sanitizing wipes and dispensers under its BIOM mark.  Plaintiff does not offer sanitizing wipes or dispensers under its BIÖM mark.

7.      *The parties use different advertising and trade channels*.  Plaintiff advertises and sells products offered under its BIÖM mark on, *inter alia*, Plaintiff's website, TikTok Shop, and on its Amazon.com storefront.  Defendant's products offered under its BIOM mark do not appear on any of these advertising or trade channels that Plaintiff uses.   Likewise, Plaintiff's products offered under its BIÖM mark do not appear on any of the advertising or trade channels that Defendant uses for products offered under its BIOM mark (*e.g.*, Defendant's website).

8.      *The parties have non-overlapping and discerning customers*.  On information and belief, a customer shopping for Plaintiff's oral-care products is not also shopping for Defendant's

sanitizing wipes.  Nonetheless, on information and belief, the parties' non-overlapping customers are discerning and do not act impulsively when deciding to purchase a product that affects their health and wellness (Plaintiff's products) or has certain advertised environmental attributes (Defendant's products).

9. _Plaintiff is not aware of any actual purchasing confusion_.  For example, Plaintiff is not aware of a single customer purchasing its BIÖM-brand products based on the mistaken belief that Defendant was the source of Plaintiff's products (or vice versa).

10. Based on the foregoing, Plaintiff brings this action for: (i) a declaration that the use of its BIÖM mark does not infringe Defendant's asserted BIOM mark, does not constitute false association, false designation of origin, or false endorsement, and does not constitute unfair competition in violation of 15 U.S.C. §§ 1114 or 1125(a)(1)(A) or Florida law and (ii) a declaration, pursuant to 15 U.S.C. § 1119, that Plaintiff is entitled to register its BIÖM mark as a trademark with the PTO.

11. Plaintiff also brings this action for a declaration that, contrary to Defendant's pre-suit Demand Letter, Plaintiff's registration and use of its <betterbiom.com> domain name does not constitute cybersquatting in violation of 15 U.S.C. § 1125(d).  Not only does the domain name reflect Plaintiff's trademark rights in its BIÖM mark but also Plaintiff's goal of providing its customers with a better oral microbiome.  Plaintiff also uses the domain in connection with the _bona fide_ offering of its products, which are different from Defendant's products and, thus, Plaintiff does not use the domain name to divert Defendant's potential or actual customers to Plaintiff. Additionally, Plaintiff has never offered to transfer or sell the domain name for financial gain, and did not provide misleading information when registering it.

## PARTIES

12.     Plaintiff Biöm LLC is a limited liability company organized and existing under the laws of the State of Wyoming.  Two of Plaintiff's co-founders reside in this District.

13.     Defendant Biom Innovations Inc. is a corporation organized and existing under the laws of the State of Delaware, with an address at 2303 W. 11th Street, Wilmington, DE 19805.

## JURISDICTION AND VENUE

14.     On June 17, 2024, Defendant sent Plaintiff the Demand Letter, wherein it alleged that Plaintiff's use of its BIÖM mark and the domain name <betterbiom.com> ("Domain Name") constituted trademark infringement, unfair competition, and cybersquatting in violation of the Lanham Act.  On February 10, 2025, Defendant instituted Opposition Proceeding No. 91296842 before the TTAB, wherein it opposed the registration of Plaintiff's BIÖM mark in Classes 3 and 21 ("TTAB Proceeding").  Given Defendant's allegations in the Demand Letter and institution of the TTAB Proceeding, there is an actual controversy between the parties, which this Court can resolve by declaring that Plaintiff's use of its BIÖM mark and the Domain Name are lawful, as well as by declaring that Plaintiff is entitled to register its BIÖM mark with the PTO.  Based on the foregoing, this Court has jurisdiction over Plaintiff's claims in this action pursuant to the Declaratory Judgment Act, to wit, 28 U.S.C. § 2201(a).

15.     Count I seeks a declaration that Plaintiff's use of its BIÖM mark does not infringe Defendant's BIOM mark or constitute false association, false designation of origin, false endorsement, or unfair competition in violation of the the Lanham Act, to wit, 15 U.S.C. §§ 1114 and 1125(a)(1)(A), as well as Florida's common law.  Count II seeks a declaration, pursuant to 15 U.S.C. § 1119, that Plaintiff is entitled to register its BIÖM mark for the products specified in U.S. Trademark Application Ser. No. 98/038,503 (the "'503 Application").   Count III seeks a

declaration that Plaintiff's registration and use of the Domain Name do not constitute cybersquatting in violation of the Lanham Act, to wit, 15 U.S.C. § 1125(d).  The portion of Count I that seeks a declaration of no trademark infringement and no unfair competition under Florida law is so related to the portions of Counts I-III that seek declarations under the Lanham Act that it forms part of the same case or controversy.  Based on the foregoing, this Court has subject matter, original, and supplemental jurisdiction over Counts I-III pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367(a), and 15 U.S.C. § 1121(a).

16.     Exercising personal jurisdiction over Defendant in this District would comport with fair play and substantial justice.  For example, according to the "Store Locator" section of Defendant's website, its BIOM-branded products are available for sale at numerous retail locations in this District.  Plaintiff's claims arise out of and relate to Defendant's use of its BIOM mark, including, for example, that Plaintiff's use of its BIÖM mark does not create a likelihood of confusion with Defendant's use of its BIOM mark.

17.     Pursuant to 28 U.S.C. § 1391(b)(2), this District is the proper venue for Plaintiff's claims because a substantial part of the events giving rise to those claims occurred in this judicial district.

18.     Pursuant to 28 U.S.C. § 1391(b)(3), this District also is the proper venue for Plaintiff's claims because Defendant is subject to personal jurisdiction in this judicial district.

## FACTS COMMON TO ALL CLAIMS

### A.  Plaintiff and its BIÖM Brand of Oral-Care Products

19.     Plaintiff Biöm LLC was founded in 2022 and offers a range of oral-care products under its BIÖM brand and mark.

20.     As oral-care professionals, Plaintiff's founders made (and make) recommendations to their patients about products to use to maintain and improve oral health.  In or about 2022, the founders became increasingly frustrated with what they perceived to be a market saturated with subpar oral-care products, on one end, and high-quality oral-care products offered at a price point the founders believed many consumers could not afford, on the other end.  To fill that void in the oral-care marketplace—*i.e.*, high-quality products at an affordable price—Plaintiff's founders created the BIÖM oral-care brand.

21.     Plaintiff adopted the BIÖM mark as a play on the word "microbiomes," which are present in the mouth and can cause oral diseases if not treated properly.

22.     A trademark search conducted by Plaintiff's former outside counsel revealed numerous third-party applications, registrations, and uses of "Biom"-formative terms in connection with a vast array of goods and services.  Given these third parties' apparent willingness to co-exist alongside one another, Plaintiff believed that it, too, could use a "Biom"-formative mark without violating any third party's alleged trademark rights in a "Biom"-formative term.

23.     Initially, the BIÖM brand included NOBS toothpaste tablets.  "NOBS" is an acronym for "No Bad Stuff."  NOBS toothpaste tablets offer a fluoride-free solution to remineralize teeth effectively, namely, via nano-hydroxyapatite, which is a naturally occurring mineral in human teeth and bones.  Packaging for NOBS toothpaste tablets prominently features Plaintiff's federally registered "NOBS" and "TOOTHPASTE WITHOUT THE B.S." trademarks, as well as Plaintiff's BIÖM house mark.  Inset below is a representative example of the product packaging used for Plaintiff's NOBS toothpaste tablets:



24. Since launching NOBS toothpaste tablets, Plaintiff has expanded its BIÖM brand to include: (i) NOBS Toothpaste Tablets in a Gracefully Grape Flavor; (ii) NOBS Jr. Kids' Toothpaste; (iii) SILK Expanding Dental Floss; (iv) SWISH Mouthwash; and (v) PRISM Whitening Strips. Inset below are representative images of the packaging used for these additional products offered under Plaintiff's BIÖM brand:

| NOBS Toothpaste Tablets (Gracefully Grape) | NOBS Jr. Kids' Toothpaste | SILK Expanding Dental Floss | SWISH Mouthwash | PRISM Whitening Strips |
|---|---|---|---|---|
| | | | | |

25.     Plaintiff owns common-law rights in its BIÖM mark.  Plaintiff sought to strengthen its common-law rights by filing the '503 Application, wherein it sought to register its BIÖM mark in Class 3 for "[n]on-medicated mouth wash and rinse; Solid toothpaste tablets; Teeth whitening strips impregnated with teeth whitening preparations" and in Class 21 for "[d]ental floss."  After Plaintiff amended the goods specified in Class 3, the PTO published Plaintiff's BIÖM mark for Opposition, finding that registering the BIÖM mark in Classes 3 and 21 for the products specified in the amended '503 Application would not create a likelihood of confusion with any marks covered by existing federal trademark registrations (including Defendant's U.S. Trademark Reg. No. 7,292,914 for the mark "BIOM" in Classes 3 and 5 (the "'914 Registration") or set forth in pending federal trademark applications.

26.     Plaintiff also owns two federal trademark registrations in connection with its NOBS products.  Plaintiff owns U.S. Trademark Reg. No. 7,683,953, which covers the mark "NOBS" in Class 3 for "[t]oothpaste; Solid toothpaste tablets; Swallowable toothpaste."  Plaintiff owns U.S. Trademark Reg. No. 7,671,589, which covers the mark "TOOTHPASTE WITHOUT THE B.S." in Class 3 for "[t]oothpaste; Solid toothpaste tablets; Swallowable toothpaste."

27.     Plaintiff's BIÖM-brand products have received critical acclaim for their high-quality nature, affordability, and kid-friendliness.  For example, BIÖM-brand products have been featured in publications such as: *Real Simple*[1], *Trend Hunter*[2], and *Ynet*[3].  There is no mention of Defendant in any of these articles.  This is not surprising.  As alleged below, Defendant's BIOM brand does not include—and never has included—any products that constitute, or are related to, oral care.

---

[1] https://www.realsimple.com/toothpaste-tablets-clever-items-8741756 (last accessed February 19, 2025).
[2] https://www.trendhunter.com/trends/nobs-jr-kids-toothpaste (last accessed February 19, 2025).
[3] https://www.ynetnews.com/products-reviews/health-household-baby-care/nobs-toothpaste-tablets-a-sustainable-dental-solution/ (last accessed February 19, 2025).

**B.  Defendant and its Disparate BIOM Brand of Wipes**

28.     The June 2024 Demand Letter was the first time that Plaintiff learned about Defendant and Defendant's line of wipes and wipe dispensers offered under the mark "BIOM."

29.     Inset below are representative images of the packaging used for Defendant's BIOM-brand wipes and wipe dispensers:



4

**C.  The Crowded Field of "Biom"-Formative Marks, Terms, and Trade Names**

30.     Plaintiff and Defendant are not alone in their use of "BIOM" as marks.  As shown in the examples below, numerous third parties throughout the United States use "Biom"-formative marks, terms, and trade names on and/or in connection with advertising a vast array of goods and services.

31.     For example, there currently are over 1,100 active federal trademark applications and registrations for "Biom"-formative marks.  Of these 1,100 applications and registrations, over 400 are in Classes 3, 5, and 21.

---

4 *See also* https://getbiom.co/collections/shop-all (last accessed February 19, 2025).

32.     Listed below are a few examples of the numerous third-party uses of "Biom"-formative marks and terms in the United States for a vast array of goods and services:

a.      BIOM for sneakers, used by Ecco.[5]

b.      BIOM for air purifiers, used by BIOM Technologies LLC.[6]

c.      BIOM for prebiotics and probiotics, used by Biom Probiotics.[7]

d.      BIOM for therapies for brain disorders, used by Biom Therapeutics.[8]

e.      BIOMX for phage therapies to treat chronic diseases, used by BiomX, Inc.[9]

f.      BIOMA for supplements, used by Bioma Health.[10]

g.      BIOM for home hygiene and cleaning products, used by Choice Probiotics.[11]

h.      BIO.ME for dietary supplements, used by Bio.me.[12]

i.      BIOM for a mobile application for celebrity fan engagement, by Biom Ltd.[13]

j.      BIOME for a mobile application for food tracking and insights, by Chop Carry, LLC.[14]

k.      BIOM for sustainable housing, by Biom LLC.[15]

33.     Numerous third parties also use "Biom" in their trade names.  There are dozens of active entities registered with the State of Florida and State of Delaware that include "Biom" in their trade name. These include: Biom LLC, Bioma Biotechnology LLC; Biomab Therapeutics, Inc.; Biomac Systems, Inc.; Bioma Genetics SAS Inc.; Biomacare, LLC; Biomagic

---

[5] *See* https://us.ecco.com/outdoor/collections/biom (last accessed February 18, 2025).
[6] *See* https://biom.bio/ (last accessed February 18, 2025).
[7] *See* https://biomprobiotics.com/ (last accessed February 18, 2025).
[8] *See* https://biomtherapeutics.com/ (last accessed February 18, 2025).
[9] *See* https://www.biomx.com/ (last accessed February 18, 2025).
[10] *See* https://bioma.health (last accessed February 18, 2025).
[11] *See* https://choiceprobiotics.com/ (last accessed February 18, 2025).
[12] *See* Bio.me (last accessed February 18, 2025).
[13] *See* https://play.google.com/store/apps/details?id=studio.biom.app&hl=en_U (last accessed February 18, 2025).
[14] *See* https://trybiome.app/ (last accessed February 18, 2025).
[15] *See* https://biom.co/ (last accessed February 18, 2025).

International Group Inc.; Biomag Innovations, LLC; and Biomagna LLC.

34.     On information and belief, none of the third parties related to the examples of uses of "Biom"-formative marks, terms, and trade names shown and/or listed in Paragraphs 31-33 are affiliates or subsidiaries of Defendant.

35.     On information and belief, Defendant was aware of the examples of third-party uses of "Biom"-formative marks, terms, and trade names shown and/or listed in Paragraphs 31-33 prior to the commencement of this lawsuit.

36.     On information and belief, Defendant has not protested or opposed any of the examples of third-party uses of "Biom"-formative marks, terms, or trade names shown and/or listed in Paragraphs 31-33.

37.     On information and belief, Defendant is not a party to any agreement concerning a "Biom"-formative mark, term, and/or trade name, including, without limitation, a co-existence agreement, settlement agreement, license agreement, covenant not to sue, or similar instrument.

**D.  The Parties' Marks Create Different Overall Impressions**

38.     Plaintiff stands out in the crowded field of third parties that use "Biom"-formative marks, terms, and trade names.  For example, Plaintiff's use of "Biöm" instead of the standard spelling, "Biom," differentiates and distinguishes Plaintiff's BIÖM brand, mark, and its products from third parties, including Defendant.  As another example, Plaintiff's use of distinctive product packaging that features bright colors; prominent displays of the trademarks, "NOBS" and "TOOTHPASTE WITHOUT THE B.S."; and prominent displays of the words "SILK," "SWISH," and "PRISM," helps further differentiate and distinguish Plaintiff's BIÖM brand, mark, and products from those of third parties, including Defendant.

39.     As shown below, Plaintiff's distinctive spelling of "Biöm," together with its distinctive packaging, create a different overall commercial impression from Defendant's use of the standard spelling of "Biom" and Defendant's product packaging featuring its BIOM mark:

**Representative Images of Plaintiff's BIÖM-Brand Products**



**Representative Images of Defendant's BIOM-Brand Products**



40.     On information and belief, Plaintiff's distinctive spelling and use of "Biöm," together with its distinctive product packaging (which includes two of Plaintiff's federally registered trademarks), evince Plaintiff's good faith efforts to advertise and sell its products

without infringing any third party's alleged trademark rights in a "Biom"-formative term, including Defendant's asserted rights in its BIOM mark.

**E. The Parties' Products are Different**

41.     Plaintiff and Defendant advertise and sell different products under their different marks.  Plaintiff offers oral-care products under its BIÖM brand and mark, including, for example, toothpaste and mouth rinse.  Plaintiff has never offered wipes or dispensers under its BIÖM brand and mark.  Plaintiff has no intention of offering wipes or dispensers under its BIÖM brand and mark.

42.     On information and belief, Defendant does not offer—and has never offered—oral-care products under its BIOM mark or brand.  For example, when selecting the "Shop All" section on Defendant's website, there are no oral-care products listed as available for sale.  Instead, the products listed for sale on Defendant's website are: (i) all-purpose wipes; (ii) hand-sanitizing wipes; (iii) flushable wipes; (iv) dispensers for wipes; and (v) a sweatshirt.[16]

**F. The Parties Use Different Advertising and Trade Channels**

43.     Plaintiff and Defendant use different advertising and trade channels to sell different products under different marks.

44.     Plaintiff advertises its BIÖM-brand products on its website, on podcasts, in dental hygienist newsletters, at trade shows, and with influencers.  Defendant's BIOM-brand products are not advertised on Plaintiff's website.  On information and belief, Defendant has never advertised its BIOM-brand products on the same podcasts or at the same trade shows as Plaintiff, in any dental hygienist newsletters, or with the same influencers as Plaintiff.  Likewise, Plaintiff's BIÖM-brand products are not advertised on Defendant's website, which only displays product listings for

---

[16] https://getbiom.co/collections/shop-all (last accessed February 19, 2025).

Defendant's BIOM-brand products.  The parties also advertise their products on their own social-media accounts.

45.     Plaintiff's BIÖM-brand products are available for sale on its website, TikTok Shop, Amazon.com storefront, select dental offices, and Walmart.com.   Defendant's BIOM-brand products are not available for sale on Plaintiff's website, on Plaintiff's TikTok shop, on Plaintiff's Amazon.com storefront, in dental offices, or on Walmart.com.

## G.  The Parties Have Different—and Discerning—Customers

46.     Given the disparate nature of Plaintiff's and Defendant's products, their customers do not overlap.  For example, on information and belief, a customer shopping for toothpaste is not also shopping for sanitizing wipes.

47.     Nonetheless, the one commonality between Plaintiff and Defendant in this lawsuit is that their customers are discerning.  For example, on information and belief, customers do not make impulsive purchasing decisions when deciding to buy products that affect their health and wellness (Plaintiff's products) or when deciding to purchase sanitizing wipes that purportedly have certain environmentally friendly attributes (Defendant's products). On information and belief, the discerning nature of Plaintiff's and Defendant's customers further prevents any likelihood of confusion between Plaintiff and Defendant and the different products they offer under different marks in different advertising and trade channels.

## H.  Plaintiff is Not Aware of a Single Instance of Actual Purchasing Confusion

48.     Plaintiff is not aware of a single instance of the use of its BIÖM mark causing a customer to make a mistaken purchasing decision.

49.     For example, Plaintiff is not aware of a single customer purchasing BIÖM-brand products based on the mistaken belief that Defendant was the source of Plaintiff's BIÖM-brand products (or vice versa).

50.     As another example, Plaintiff is not aware of a single customer purchasing BIÖM-brand products based on the mistaken belief there was an affiliation, association, and/or connection between Plaintiff and Defendant.

51.     As a further example, Plaintiff is not aware of a single customer purchasing BIÖM-brand products based on the mistaken belief that Defendant approved, endorsed, and/or sponsored Plaintiff's BIÖM-brand products (or vice versa).

52.     Nonetheless, in the pre-suit Demand Letter and in the TTAB Proceeding, Defendant alleges that Plaintiff's BIÖM mark creates a likelihood of confusion with Defendant's BIOM mark and seeks to prevent the registration of Plaintiff's BIÖM mark for the goods specified in the '503 Application.  In the pre-suit Demand Letter, Defendant also alleged that Plaintiff's registration and use of the <betterbiom.com> Domain Name constituted cybersquatting in violation of 15 U.S.C. § 1125(d).   To remove these clouds from Plaintiff's BIÖM mark, brand, and Domain Name, Plaintiff brings the following claims for declaratory relief: (i) no trademark infringement, no false association, no false endorsement, no false designation of origin, and no unfair competition in violation of 15 U.S.C. §§ 1114 or 1125(a)(1)(A) or Florida law; (ii) an Order, pursuant to 15 U.S.C. § 1119, that Plaintiff is entitled to register its BIÖM mark for the goods specified in the '503 Application; and (iii) no cybersquatting in violation of 15 U.S.C. § 1125(d).

## CLAIMS FOR RELIEF

### COUNT I
(*Declaration of No Trademark Infringement, No False Association, No False Endorsement, No False Designation of Origin, and No Unfair Competition in Violation of 15 U.S.C. §§ 1114(a) or 1125(a)(1)(A) or Florida's Common Law*)
(*The BIÖM Mark*)

53.     Plaintiff expressly incorporates the allegations in Paragraphs 1-52 of the Complaint as though fully set forth herein.

54.     Defendant's BIOM mark is conceptually and/or commercially weak.

55.     Plaintiff's use of its BIÖM mark creates a different overall commercial impression from Defendant's use of its BIOM mark.

56.     The products that Plaintiff offers under its BIÖM mark are different from the products that Defendant offers under its BIOM mark.

57.     The products that Plaintiff offers under its BIÖM mark appeal to different customers than the products that Defendant offers under its BIOM mark.  Although Plaintiff's and Defendant's customers do not overlap, the customers are sophisticated and discerning when making purchasing decisions.

58.     Plaintiff uses different channels to advertise and sell its products under its BIÖM mark than Defendant uses to advertise and sell products under its BIOM mark.

59.     Plaintiff is not aware of its use of its BIÖM mark causing a single instance of actual purchasing confusion.

60.     Plaintiff adopted and uses its BIÖM mark in good faith.

61.     Based on the foregoing, Plaintiff seeks a declaration that the use of its BIÖM mark does not infringe Defendant's asserted rights in its BIOM mark, does not constitute false association, false endorsement, or false designation of origin, and does not constitute unfair

competition in violation of 15 U.S.C. §§ 1114(a) or 1125(a)(1)(A) of the Lanham Act or Florida's common law.

## COUNT II
(*Declaration of Entitlement to Trademark Registration Under 15 U.S.C. § 1119*)
(*The '503 Application*)

62.     Plaintiff expressly incorporates the allegations in Paragraphs 1-61 of the Complaint as though fully set forth herein.

63.     Plaintiff owns the '503 Application.

64.     Defendant owns the '913 Registration, which covers the mark "BIOM" in Class 3 for "Cleaning kits comprised primarily of disposable wipes impregnated with cleaning preparations and also including a non-metal dispenser; cleaning kits comprised primarily of pre-moistened, flushable, non-medicated skin cleansing wipes, facial wipes, and infant skin care wipes, and also including a non-metal dispenser; biodegradable and plant based disposable wipes for cleaning, namely, disposable wipes impregnated with cleaning preparations, and pre-moistened, flushable, non-medicated skin cleansing wipes, facial wipes, and infant skin care wipes." The '913 Registration also covers Defendant's BIOM mark in Class 5 for "Cleaning kits comprised primarily of sanitizing wipes and also including a non-metal dispenser; biodegradable and plant based disposable wipes for cleaning, namely, sanitizing wipes."

65.     In the '503 Application, Plaintiff seeks to register its BIÖM mark in Class 3 for "Non-medicated mouth wash and rinse; Solid toothpaste tablets; Teeth whitening strips impregnated with teeth whitening preparations" ("Class 3 Goods") and in Class 21 for "Dental floss" ("Class 21 Goods").

66.     In the TTAB Proceeding, Defendant opposes the registration of Plaintiff's BIÖM mark for the Class 3 and Class 21 Goods on the ground that it creates an alleged likelihood of

confusion with the products that Defendant offers under its BIOM mark, including the products specified in Defendant's '913 Registration.

67.     As alleged *supra*, the use of Plaintiff's BIÖM mark, including, without limitation, for the Class 3 and Class 21 Goods, does not create a likelihood of confusion with any products that Defendant offers under its BIOM mark, including, without limitation, the products specified in Defendant's '913 Registration.

68.     Based on the foregoing, Plaintiff seeks an Order, pursuant to 15 U.S.C. § 1119, that it is entitled to register its BIÖM mark for the Class 3 and Class 21 Goods specified in the '503 Application.

**COUNT III**
(*Declaration of No Cybersquatting in Violation of 15 § U.S.C. § 1125(d)*)
(*The <betterbiom.com> Domain Name*)

69.     Plaintiff expressly incorporates the allegations in Paragraphs 1-69 of the Complaint as though fully set forth herein.

70.     Plaintiff registered the <betterbiom.com> Domain Name on February 26, 2023.

71.     On information and belief, Defendant's BIOM mark was not distinctive of and/or for any of Defendant's products before, as of, or after February 26, 2023.  For example, before, as of, and after February 26, 2023, there was/is a crowded field of third parties in the United States that use "Biom"-formative marks, terms, and trade names to advertise and sell a vast array of goods and services, including goods that are closely related to Defendant's products.  On information and belief, this crowded field prevented/s the term "Biom" from having any degree of source-identifying qualities for any of Defendant's products before, as of, and after February 26, 2023.

72.     Even if Defendant's asserted BIOM mark was distinctive of any of Defendant's products as of February 26, 2023, the <betterbiom.com> Domain Name is not identical to

Defendant's asserted BIOM mark.   For example, the use of "better" as a prefix in the Domain Name's second level renders the Domain Name not identical to Defendant's asserted BIOM mark.

73.   Even if Defendant's asserted BIOM mark was distinctive of any of Defendant's products as of February 26, 2023, the <betterbiom.com> Domain Name is not confusingly similar to Defendant's asserted BIOM mark for the same reasons alleged above that Plaintiff's use of its BIÖM mark does not create a likelihood of confusion with Defendant's asserted BIOM mark.

74.   Even if Defendant's asserted BIOM mark was distinctive of any of Defendant's products as of February 26, 2023, and even if the <betterbiom.com> Domain Name was identical or confusingly similar to Defendant's asserted BIOM mark, Plaintiff did not register, traffic in, or use the <betterbiom.com> Domain Name in bad faith.   For example, the Domain Name reflects Plaintiff's trademark rights in its BIÖM mark and goal of providing its customers with a better oral microbiome.  As another example, Plaintiff uses the Domain Name in connection with the *bona fide* offering of its products, namely, resolving the Domain Name to the website www.betterbiom.com, where Plaintiff advertises and sells only its BIÖM-brand products.  Relatedly, the products that Plaintiff advertises and sells on its website are not related to Defendant's products and, thus, Plaintiff does not use the Domain Name to divert any of Defendant's potential or actual customers to Plaintiff's website.   As further examples of Plaintiff's good faith, it has never offered to transfer or sell the Domain Name for financial gain, and did not provide misleading contact information with registering the Domain Name.

75.   Based on the foregoing, Plaintiff seeks a declaration that its registration and use of its <betterbiom.com> Domain Name does not constitute cybersquatting in violation of 15 U.S.C. § 1125(d) of the Lanham Act.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiff hereby prays that this Court:

A.      Declare that Plaintiff's use of its BIÖM mark does not infringe Defendant's BIOM mark, does not constitute false association or false endorsement, does not falsely designate the origin of either party's goods or services, and does not constitute unfair competition in violation of 15 U.S.C. §§ 1114(a) or 1125(a)(1)(A) or Florida's common law;

B.      Issue an Order, pursuant to 15 U.S.C. § 1119, directing the Commissioner of the United States Patent and Trademark Office to register Plaintiff's BIÖM mark for the Class 3 and Class 21 Goods specified in the '503 Application;

C.      Declare that Plaintiff's registration and use of the <betterbiom.com> Domain Name do not constitute cybersquatting in violation of 15 U.S.C. § 1125(d);

D.      Declare that Plaintiff is the "prevailing party" in this action within the meaning of 15 U.S.C. § 1117(a);

E.      Declare that this is an "exceptional" case within the meaning of 15 U.S.C. § 1117(a);

F.      Award to Plaintiff its reasonable attorneys' fees, costs, and expenses; and

G.      Award to Plaintiff any further relief that this Court deems just and equitable.

## JURY DEMAND

Plaintiff requests a trial by jury for all issues so triable on its claims pursuant to FED R. CIV. P. 38(b) and 38(c).

Dated: February 19, 2025                  Respectfully submitted,


                                          MARCUS NEIMAN RASHBAUM & PINEIRO LLP
                                          By: ***Bryan A. Almeida***_____
                                          Jeffrey A. Neiman, Esq.
                                          Florida Bar No. 544469
                                          jneiman@mnrlawfirm.com
                                          Bryan A. Almeida, Esq.
                                          Florida Bar No. 1005558
                                          balmeida@mnrlawfirm.com
                                          One Biscayne Tower
                                          2 S. Biscayne Blvd., Ste. 2530
                                          Miami, Florida 33131
                                          Telephone: (305) 400-4260

                                          KILPATRICK TOWNSEND & STOCKTON LLP
                                          Jonathan W. Thomas (to apply *pro hac vice*)
                                          3 Times Square
                                          New York, New York 10036
                                          Tel.: 212.775.8856
                                          Fax: 212.208.6849
                                          Email: jwthomas@ktslaw.com

                                          Shreya P. Desai (to apply *pro hac vice*)
                                          1100 Peachtree Street NE
                                          Suite 2800
                                          Atlanta, Georgia 30309
                                          Tel.: 404.815.6032
                                          Fax: 404.541.3196
                                          Email: spdesai@ktslaw.com

                                          *Attorneys for Plaintiff Biöm LLC*